## BOGART *v.* HINDS.[1]

*(Circuit Court, S. D. New York. December 29, 1885.)*

1. PATENTS FOR INVENTIONS—CONSTRUCTION OF CLAIM.

The first claim of letters patent No. 119,561, to Abraham L. Bogart, October 3, 1871, for "an insulated gas-burner, having its insulated section of or from glass or similar vitreous material, substantially as and for the purpose specified," cannot be construed, in view of the state of the art, as a broad claim for a gas-burner in an electric lighting system having an insulated section of the material mentioned.

2. SAME.

But this claim should not be limited to an insulated burner having all the details of construction described in the specification, as such a construction of the claim. in view of the prior state of the art, would unduly narrow the scope of the real invention of the patentee.

3. SAME.

The essential novelty of the patentee's invention consists in selecting an appropriate insulating material, and making from it the upper part of a gas-burner which will serve both to support and insulate the electrical conductor, and as a gas-way from the gas-pipe to the place where the spark is communicated to the gas.

4. SAME.

The claim, as construed, valid, although an entire gas-burner made of substantially the same material, but with no thought of its utility for insulating purposes in an electric lighting system, was old, and although other inventors had inserted insulating material in electric lighting burners, employing independent insulators and independent insulated sections.

5. SAME—INVENTION.

In view of the comparatively unsuccessful efforts of those who preceded patentee, and of the manifest improvement which resulted from the changes made by him, *held,* that what he did involved invention.

In Equity.

*Walter D. Edmonds,* for complainant.

*Van Santwood & Huff,* for defendant.

WALLACE, J. Infringement is alleged of the first claim of letters patent No. 119,561, granted to Abram L. Bogart, October 3, 1871, for an improvement in apparatus for lighting gas-jets by induced currents of electricity. The claim is: "(1) An insulated gas-burner, having its insulated section of or from glass or similar vitreous material, substantially as and for the purpose specified." This claim cannot be construed as a broad claim for a gas-burner in an electric

---

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

lighting system having an insulated section of the material mentioned. The patentee was not the first to discover the peculiar value of such material for insulating purposes in gas-burners intended for use in electric gas-lighting apparatus, and the novelty of the claim would be negatived by the patent to Bean and Mumler, of June 4, 1867, and the patent to Barbarin, of June 1, 1869. On the other hand, upon correct principles of construction, the claim should not be limited to an insulated burner having all the details of construction which are described in the specification of the patent. The second claim of the patent makes various details of construction constituents of the claim. Clearly, these details are not to be incorporated into the comprehensive language of the first claim. Such a construction, in view of the prior state of the art, would also unduly narrow the scope of the real invention of the patentee.

The essential novelty of the patentee's invention consists in selecting an appropriate insulating material, and making from it the upper part of a gas-burner which will serve both to support and insulate the electrical conductors, and as a gas-way from the gas-pipe to the place where the spark is communicated to the gas. The patent to Arnold and Irving, of March 12, 1867, shows an entire gas-burner made of substantially the same material as that employed by the patentees. This gas-burner, however, was made with no thought of its utility for insulating purposes in an electric lighting system. It was an ordinary gas-burner. Other inventors had inserted insulating material in electric lighting burners, employing independent insulators and independent insulated sections. By substituting a burner similar to that of Arnold and Irving, and making a slight modification in its exterior construction, so as to form a shoulder upon which the electrical conductors could be firmly and securely fastened, the patentee was enabled to dispense with the complicated parts employed by those who preceded him, and made a simple, compact, and efficient burner, which would serve both as an insulator for the conductors, a gas-way from the metal pipe to the point of ignition, and a firm support for the conductors. It is quite apparent that in strength, rigidity, and simplicity of construction it is a much better practical burner than those which were devised by preceding inventors who were striving to make an efficient burner. In view of the comparatively unsuccessful efforts of those who preceded him, and of the manifest improvement which resulted from the change, it is not doubted that what he did involved invention.

The language of the claim does not necessarily limit the patentee to a narrower invention than he really made, and, by selecting the essential features of his improvement as described in the specification, and discarding non-essentials, it can be read so as to secure him to the extent of his invention, in the light of pre-existing patents and the prior state of the art.

The defendant has appropriated this invention. He has changed the mode of fastening the conductors to the burner, but they rest upon a shoulder of the insulated part of the burner, which serves as a gas-way from the gas-pipe to the point of ignition. The complainant is entitled to a decree.